UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL PERRY CARROLL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DARREN PATTERSON, SHARI RAY,<br><br>　　　　Defendant. | CASE NO. 3:19-CV-5699-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 13, 2019 |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Michael Perry Carroll, proceeding *pro se*, filed a Proposed Complaint and an Application to Proceed *In Forma Pauperis* ("IFP") on July 31, 2019. Dkt. 1. On August 2, 2019, the Clerk of Court sent Plaintiff a letter notifying Plaintiff that his Application to Proceed IFP was deficient and directed him to "provide a certified copy of [his] prison trust account statement showing transactions for the last six months." Dkt. 2. The Clerk of Court warned Plaintiff that if he did not respond to the letter by September 3, 2019, this action may be subject to dismissal. *Id*.

1    On September 3, 2019, Plaintiff notified the Court that his address had changed. Dkt. 3.
2 Because Plaintiff had been transferred to a different facility, the Clerk of Court sent a second
3 letter instructing Plaintiff to provide a certified copy of his trust account statement and extending
4 the time to correct deficiency until October 3, 2019. Dkt. 4. The second letter again warned
5 Plaintiff that failure to respond to the letter could result in dismissal of this action. *Id*. The second
6 letter was returned to the Court as undeliverable because Plaintiff was "not-in-jail." Dkt. 5.
7 Plaintiff filed a notification of his change in address on September 19, 2019 and the Clerk of
8 Court resent the second letter to Plaintiff at his new address. Dkt. 6.

9    Plaintiff failed to submit a certified copy of his prison trust account statement or
10 otherwise respond to the Clerk of Court's letters. Therefore, on October 16, 2019, the Court
11 ordered Plaintiff to submit an updated application to proceed IFP or a certified copy of his prison
12 trust account statement, or pay the $400.00 filing fee by November 15, 2019. Dkt. 7. The Court
13 warned that it would recommend this case be dismissed if Plaintiff failed to comply with the
14 Order. *Id*.

15    Plaintiff has not responded to the Clerk of Court's letters, has not responded to the
16 Court's Order, has not filed an updated application to proceed IFP or a certified copy of his
17 prison trust account statement, and has not paid the filing fee. As Plaintiff has failed to respond
18 to the Clerk for Court's letters and the Court's Order or otherwise prosecute this case, the Court
19 recommends this case be dismissed without prejudice. Further, as Plaitniff has not prosecuted
20 this case, the Court finds an appeal would not be taken in good faith.

21    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
22 Procedure, the parties shall have fourteen (14) days from service of this Report to file written
23 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
24

REPORT AND RECOMMENDATION - 2

1  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

2  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

3  December 13, 2019, as noted in the caption.

4      Dated this 27th day of November, 2019.

                        David W. Christel
                        United States Magistrate Judge